IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BURL ANDERSON HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1112-GMS |
| | ) |
| JUDGE ROBERT B. YOUNG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Burl Anderson Howell ("Howell"), filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) Howell has filed an amended complaint, requests counsel, moves to transfer the case, and seeks a service order. (D.I. 4, 5, 7.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Following a guilty plea, Howell was convicted in 1994 for second degree forgery and second degree perjury in connection with the forgery of the will of his deceased brother, Kenneth D. Howell ("K. Howell").[2] *See In re Petition Howell*, 2007 WL 1114123 (Del. Apr. 16, 2007). Howell was ordered to pay restitution to his brother's estate and, following litigation in the Court of Chancery of the State of Delaware, the estate assigned Howell's restitution payment to one of

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Howell was sentenced to one year incarceration, suspended for a year of probation for second degree forgery, to be served consecutive to a similar penalty for second degree perjury. *See Howell v. Delaware*, Civ. No. 08-432-GMS, ¶ 1.

the primary claimants to the estate, Margaret Ann Warren ("Warren"), a defendant in this case.³ *See Id.* A general release, submitted by Warren and her attorney, indicated that Warren would release from liability any claim she had to the K. Howell estate in exchange for the restitution owed by Howell. *See Howell v. Young*, Civ. No. 12-1634-GMS, D.I. 2, ex. Thereafter, the Superior Court of the State of Delaware entered a revised order of restitution on January 21, 1999, that provided for payment of the restitution directly to Warren. *Id.* Howell claims he had no notice of the revised order. *See Howell v. Delaware*, Civ. No. 08-432-GMS, ¶ 7.

On January 2, 2001, the State of Delaware Court Collections Enforcement asked Howell to signed a payment agreement, which he did to avoid contempt. *See Id.* a ¶8. Howell filed a motion to vacate the revised order for restitution on December 11, 2005, claiming lack of notice, the right to counsel, loss of jurisdiction, and that Warren and her attorney the defendant William M. Chasanov ("Chasanov") had committed fraud on the court. *Id.* The defendant Superior Court Commissioner Andrea Maybee Freud ("Commissioner Freud") issued a Report and Recommendation, dated November 20, 2006, that recommended denial of Howell's objection to jurisdiction since the new order merely facilitated settlement of a new payee's civil claim against

---

³Warren made a claim on the estate to recover payment on a promissory note purportedly executed by K. Howell. Those administering the estate alleged the note was a forgery and they refused to pay thereon. Warren sued the estate, the issue of whether the note was forged was fully litigated, and the jury rendered a verdict in Warren's favor, thereby determining that she had established by a preponderance of the evidence that the note was not forged. The Supreme Court affirmed the decision in *Howell v. Warren*, 1996 WL 637898 (Del. Oct. 24, 1996), *rehearing denied*, No. 46, 1996 (Del. Dec. 12, 1996). The State indicted Warren and charged her with forgery in the second degree with relation to the note, twelve business days after the Supreme Court affirmed the judgment in the Superior Court. *See State v. Warren*, 1997 WL 366897 (Del. Super. Ct. Mar. 12, 1997). The outcome of the criminal charge is unknown. Howell alleges that Warren was convicted of failing to disclose to the Delaware Department of Welfare the $80,000 she claims to have loaned to K. Howell. (D.I. 5, ¶ 8.)

2

the K. Howell Estate in the interest of justice or, in the alternative, that the Court conclude that the Order should not have changed the payee, and that the K. Howell Estate be reopened in the Court of Chancery and payments there be paid to the Estate, which will then be liable to transfer the money to the new payee pursuant to the Estate's disclaimer of full title and possession of any and all assets to the new payee, Warren. *See* D.I. 3, ¶ 19; *Howell v. Delaware*, Civ. No. 08-432-GMS, ¶ 10.

The Superior Court denied Howell's motion on February 8, 2007, and Howell did not appeal the order. *See In re Petition Howell*, 2007 WL 1114123. Instead, he sought issuance of a writ of certiorari, denied by Delaware Supreme Court on April 16, 2007. *Id.* The Delaware Supreme Court stated, "[w]hile Howell argues that he did not have the right to appeal the Superior Court's February 8, 2007 order, that argument is incorrect. Howell could have appealed the Superior Court's January 21, 1999 order as well as its February 8, 2007 order, but chose not to do so. Thus, because Howell had another adequate remedy available to him, he is not entitled to the issuance of a writ of certiorari." *Id.* at *1.

On March 12, 2008, Howell filed an action in this court to vacate the State judgment of conviction and sentence for violation of the constitution or laws of the United States, dismissed on September 15, 2008, following a finding that Howell was not entitled to federal habeas relief. *See Howell v. Delaware*, Civ. No. 08-432-GMS at D.I. 1, 3, 8. The court declined to issue a certificate of appealability. *Id.* at D.I. 8. Howell appealed, and the United States Court of Appeals for the Third Circuit denied his request for a certificate of ability. *See Howell v. Delaware*, No. 08-4053 (3d Cir. Mar. 11, 2009). During the pendency of the appeal, Howell filed numerous documents in the appellate court, including an eight page supplemental response

3

filed on January 5, 2009, and a four page petition for rehearing filed on March 16, 2009.[4] Next, Howell sought review of the decision by the United States Court of Appeals for the Third Circuit when, on April 6, 2009, he filed a petition for a writ of certiorari and motion for leave to proceed *in forma pauperis* in the United States Supreme Court, denied on May 26, 2009. *See Howell v. Delaware*, 129 S.Ct. 2445 (May 26, 2009).

Howell seeks prospective injunctive relief against the defendant Delaware Superior Court Judge Robert B. Young ("Judge Young"). (D.I. 8.) He alleges that, on February 8, 2007, Judge Young "employed a construction" of 11 Del. C. § 4106 in a manner that deprived Howell of property in violation of his right to due process when Judge Young adopted the Commissioner's Report and Recommendation and authorized assignment of restitution. In addition, he alleges that the construction of the statute "unconstitutionally conferr[ed] jurisdiction over him for the issuance of subpoena [sic] for sentence review on 16 March 2005 by [the] Kent County Superior Court to enforce a revised of restitution." (D.I. 3 at ¶ 7.) Finally, Howell alleges that the statute is unconstitutional and fatally defective because it lacks any procedural safeguards whatsoever on its face. (*Id.*) The complaint acknowledges the two-year statute of limitation period for claims raised pursuant to 42 U.S.C. § 1983, but alleges tolling of the limitation period is applicable based upon a severe mental impairment due to schizophrenia with an onset date of June 11, 2000.[5]

---

[4]In addition, while seeking review of a decision by the United States Court of Appeals for the Fourth Circuit, on March 30, 2009, Howell filed in the United States Supreme Court a petition for a writ of certiorari and motion for leave to proceed *in forma pauperis*, denied on May 18, 2009. *See Howell v. Delaware*, 129 S.Ct. 2408 (May 26, 2009).

[5]Because the court will dismiss this case on other grounds, it will not address the issue of the tolling of the statute of limitations. From the face of the complaint it appears, however, that

4

Howell filed an amended complaint on September 14, 2002, adding parties and claims. (D.I. 5.) He alleges that his constitutional rights were violated by Warren when she: (1) caused him to be arrested and detained without justification (*Id.* at ¶ 8); and (2) enabled Howell's brother to commit suicide through vehicular homicide so she could seize the decedent's assets

---

the claims are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Mental incompetence is not a *per se* cause for equitable tolling. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001). For tolling to be appropriate, "the alleged mental incompetence must somehow have affected the petitioner's ability to file" a timely action. *Id.*; *see also Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (placing the burden on the petitioner to demonstrate with particularized description the causal relationship between the mental deficiency and failure to timely file the petition). When considering what may constitute extraordinary circumstances for purposes of tolling the statute of limitations based on mental incompetence, District Courts within our Circuit take a totality of the circumstances approach. *Champney v. Secretary Pa. Dep't of Corr.*, 469 F. App'x 113, 118 (3d Cir. 2012) (unpublished). The non-exclusive list of factors to consider includes: (1) [whether] the petitioner [was] adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications. *Id.* (citations omitted).

Howell's participation in court proceedings over an extended period of time compels the conclusion that the extraordinary remedy of equitable tolling is not warranted. Following the Delaware Superior Court denial of Howell's motion to vacate the revised order of restitution in 2007, he has filed the following: (1) a writ of certiorari before the Delaware Supreme Court in 2007; (2) an action in this court on March 12, 2008 to vacate the State judgment of conviction and sentence; (3) an appeal before the United States Court of Appeals for the Fourth Circuit on August 28, 2008; (4) an appeal before the United States Court of Appeals for the Third Circuit on September 30, 2008 which included the filing of numerous documents including an eight page supplemental response filed on January 5, 2009, and a four page petition for rehearing filed on March 16, 2009; and (5) a petition for a writ of certiorari and motion for leave to proceed *in forma pauperis* before the United States Supreme Court on April 6, 2009.

5

through a holograph will even though K. Howell had a valid will that postdated the holograph will (*Id.* at ¶ 9). Howell alleges that Chasanov, Warren's attorney, under the guidance, observation, and direction of the defendant Vice Chancellor of the Delaware Court of Chancery Jack B. Jacobs ("Justice Jacobs")[6] negotiated a stipulation of dismissal that incorporated a general release and inserted an assignment of the release that resulted in fraudulent abuse of process.[7] (*Id.* at ¶ 10) Howell alleges that Justice Jacobs owed a duty to direct the parties to a "closing that might provide a remedy which he could not, and actually did not, approve, and which is barred by 10 Del. C. § 342." (*Id.* at ¶ 12.) In addition, Howell alleges that the Chancery Court did not have jurisdiction to take the action it did; that exclusive jurisdiction rested with the Superior Court in prosecuting a felony offense. (*Id.*)

Howell alleges that the defendant Delaware Superior Court Judge Henry duPont Ridgley ("Justice Ridgely")[8] unilaterally and tacitly construed, in an act of tortious interference, Howell's agreement to plead guilty to crimes in exchange for a *nolle prosequi* to other charges that included charges brought on behalf of Warren. (*Id.* at ¶ 11.) He alleges that Justice Ridgely knew that the State of Delaware would breach its contract and make Howell pay restitution to Warren when the charges were to have been nolle prossed. (*Id.*) Howell further alleges that Justice Ridgely authorized the challenged construction of the statute at issue in the revised order of restitution, said order predicated upon the instruction submitted by Chasanov, and that

---

[6]In 2003, Justice Jacobs was appointed as a Justice of the Delaware Supreme Court.

[7]Warren has also been represented by the defendant H. Cubbage Brown ("Brown") who is affiliated with the defendant law firm Brown, Sheils & O'Brien, LLC ("Brown, Sheils & O'Brien").

[8]In 2004, Justice Ridgely was appointed as a Justice of the Delaware Supreme Court.

originated out of the alleged nonfeasance of Justice Jacobs. (*Id.* at ¶ 12.) Finally, Howell alleges that Commissioner Freud "purposely issued a warrant" for his arrest for his failure to appear in Kent County Superior Court in Criminal Case Nos. PK 94-03-0103 and IS 94-07-0107 and this resulted in the suspension of his Social Security disability benefits.[9] (*Id.* at ¶ 13.) In addition to alleging violations of his constitutional rights, Howell alleges that the foregoing defendants unjustifiably prosecuted him, intentionally inflicted emotional distress upon him, and defamed him. (*Id.* at ¶¶ 14, 15.)

Howell seeks: (1) an order finding invalid Judge Young's construction of 11 Del. C. § 4106 constitutionally invalid; (2) to enjoin Judge Young, Justice Ridgely, Justice Jacobs, and Commissioner Freud from further use of said construction of the statute; (3) an order that the statute is fatally defective; (4) to enjoin Judge Young Justice, Ridgely, Justice Jacobs, and Commissioner Freud from further use of the statue as written; and (5) compensatory and punitive damages. (D.I. 3, 5)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Howell proceeds *pro se*, his pleading is liberally construed and his

---

[9]The benefits were later reinstated.

7

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Howell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.*

8

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Howell has a "plausible claim for relief."[10] *Id.* at 211. In other words, the complaint must do more than allege Howell's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Judicial Immunity

Howell raises claims against Judge Young, Justice Jacobs, Justice Ridgely, and Commissioner Freud.[11] Judges are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete

---

[10]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

[11]Court Commissioners are deemed judicial officers. 10 Del. C. §§ 1315-1316.

9

immunity from suit, not merely from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978).

Here, the allegations relate to the acts of taken by each judicial officer in handling matters before them in their judicial capacities. Howell alleges, however, that the Court of Chancery did not have jurisdiction to take the action it did. He alleges that jurisdiction lies with the Delaware Superior Court for all criminal restitution matters.

The Court of Chancery of the State of Delaware has jurisdiction to hear and determine all matters and causes in equity including matters regarding trusts, estates, and other fiduciary matters. *See* 10 Del. C. § 341. As alleged, the matter before the Court of Chancery involved an estate matter. There are no allegations that the Court of Chancery entered an order of restitution. Instead, the allegations are that Delaware Superior Court entered the a revised order of restitution. Howell's conclusory allegations regarding lack of jurisdiction do not suffice to state a claim against the defendant judicial officers.

For the above reasons, the court finds that the claims against Judge Young, Justice Jacobs, Justice Ridgely, and Commissioner Freud have no arguable basis in law or in fact. They will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[12]

---

[12]Howell couches his claims as violations of his constitutional rights pursuant to § 1983, but it is evident that he actually seeks review and rejection of Delaware state decisions. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). Many of the issues

## B. State Actors

Howell names as defendants Warren, a private individual; Chasanov, a private attorney who represented her; Brown, a private attorney; and Brown, Sheils & O'Brien, a law firm. None of these defendants are state actors for purposes of § 1983. *See Steward v. Meeker,* 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); *Thomas v. Howard,* 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

In addition, there are no allegations in the complaint that give rise to a plausible inference that any of the foregoing defendants acted under color of state law or conspired with state actors to deny Howell his constitutional rights. Accordingly, Howell cannot recover under § 1983. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 175-76 (3d Cir. 2010) (holding that "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."); *see also Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 245 (3d Cir. 2005).

The claims against Warren, Chasanov, Brown, and Brown, Sheils & O'Brien have no arguable basis in law or in fact. Therefore, they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

raised by Howell have been resolved by the Delaware state courts. The *Rooker-Feldman* doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005). Allowing Howell's claims to proceed against defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983).

## C. 11 Del. C. § 4106

Howell alleges that § 4106 is invalid as applied to him. More particularly, he alleges that the Superior Court erred in entering the revised order of restitution. He contends error occurred because § 4106 mandates payment of restitution to "the victim," but the revised order of restitution authorizes payment to Warren, who is not a victim.

A victim is one who suffers loss or injury as the result of another's acts. *See Pratt v. State*, 486 A.2d 1154, 1160 (Del. 1983). "The Superior Court has no statutory authority to order restitution to anyone other than a victim." *Redick v. State*, 858 A.2d 947, 953 (Del. 2004). As discussed by the Delaware Supreme Court, because an order to pay restitution to a non-victim is a sentence that cannot be predicated on the judgment of conviction, it is an illegal portion of a sentence. *Id.* A sentence which includes unauthorized illegal terms may be corrected by the Superior Court *at any time* pursuant to Criminal Rule 35(a). *Id.* (emphasis added). Howell's remedy, if any, lies in the Delaware Courts.[13]

### D. Supplemental Jurisdiction

Because the complaint fails to state a federal claim, the court declines to exercise jurisdiction over Howell's supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the claim would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002);

---

[13]It may be that Howell's claims are barred by issue or claim preclusion.

*Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). All pending motions (D.I. 4, 5, 7) will be denied as moot.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

___Jun 19___, 2013
Wilmington, Delaware